IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SOURCECORP BPS, INC.**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:08-CV-552-L** |
| | § | |
| **ADAM HENDERSON, BRIAN** | § | |
| **VERHAGEN, ANDREW BRESSERS,** | § | |
| **ROSAIRA ACOSTA, and STAT** | § | |
| **IMAGING SOLUTIONS, LLC**, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is SOURCECORP BPS, Inc.'s Motion to Remand, filed April 16, 2008. After careful consideration of the motion and brief, response, reply, record, and applicable authority, the court **grants** SOURCECORP BPS, Inc.'s Motion to Remand.

### **I.    Procedural and Factual Background**

SOURCECORP BPS, Inc. ("SOURCECORP" or "Plaintiff") filed this action in the 68th Judicial District Court of Dallas County, Texas, on March 7, 2008, against Adam Henderson ("Henderson"), Brian Verhagen ("Verhagen"), Adam Bressers ("Bressers"), Rosaira Acosta ("Acosta") and Stat Imaging Solutions, LLC ("Stat Imaging") (collectively, "Defendants"). In Plaintiff's Original Petition, SOURCECORP asserted twenty claims against Defendants individually and collectively.

SOURCECORP contends that Defendants entered into and are aggressively continuing a malicious conspiracy and campaign to pirate SOURCECORP's most important assets, namely, its customers, talent, and confidential and strategic business information. Plaintiff also contends that

**Memorandum Opinion and Order - Page 1**

Defendants, through an allegedly covert scheme, have conspired to breach their duties under their contracts with SOURCECORP, as well as their fiduciary and common-law duties. SOURCECORP further contends that Defendants have stolen SOURCECORP's confidential and proprietary information, and improperly solicited and tortiously interfered with SOURCECORP's customers and relationships. SOURCECORP seeks compensation and punitive damages for these alleged wrongs.

Defendants deny all of Plaintiff's claims and allegations. Defendants contend that this court does not have jurisdiction over them and have filed a motion to dismiss for lack of personal jurisdiction. Defendants further contend that they did not engage in any of the alleged conduct that purportedly gives rise to any of Plaintiff's claims.

Defendants removed this action to federal court on March 31, 2008, and SOURCECORP filed a motion to remand it to state court. In its motion, SOURCECORP contends that Bressers waived by contract any right to remove. SOURCECORP contends that because of such waiver, Bressers cannot consent to or join in removal of this action. SOURCECORP also contends that, because unanimous consent of Defendants is required to remove, the court is precluded from exercising jurisdiction as to each Defendant. SOURCECORP further contends Defendants have failed to show that complete diversity exists among the parties and that the amount in controversy exceeds $75,000. For these reasons, SOURCECORP requests the court to remand this action to state court.

Defendants counter that Bressers did not clearly and unequivocally waive his right to remove, that Bressers' contract did not give SOURCECORP the exclusive right to select the forum where any legal dispute would be heard, that SOURCECORP's interpretation of Bressers' contract

**Memorandum Opinion and Order - Page 2**

is incorrect, and that the language of the contract in question is ambiguous. Defendants also contend that complete diversity exists among the parties, the amount in controversy exceeds $75,000, and this court, therefore, has subject matter jurisdiction.

**II.    Analysis**

    **A.    Issues to be Decided**

The parties only partially state the applicable law. In other words, neither side tells the whole story nor cites authority that is dispositive regarding the waiver issue. Moreover, both sides embellish the law in arguing their respective positions. Such an approach to litigation disappoints the court and needlessly delays resolution of pending matters.

The first question that the court must resolve is whether Defendant Bressers has by contract waived his right to remove this action to federal court. This question turns on the following language of Bressers' contract: "[V]enue shall lie in the State and/or Federal Courts of Dallas[,] Texas." Pl.'s Original Pet., Ex. B § 10. If Bressers has waived his right, the second question is whether such waiver precludes removal by the other Defendants. For the reasons set forth herein, the court answers both questions in the affirmative and determines that this action should be remanded to state court.

    **B.    Waiver**

A party to a contract may waive his right to remove an action to federal court. *Waters v. Brown-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001). Specifically, "[a] party may waive [his] rights by explicitly stating that [he] is doing so, by allowing the other party to choose venue, or by establishing an exclusive venue within the contract." *City of New Orleans v. Municipal Admin. Servs.*, 376 F.3d 501, 504 (5th Cir. 2004).

The court finds the case *Dixon v. TSE Int'l, Inc.*, 330 F.3d 396 (5th Cir. 2003), to be informative and dispositive.* In *Dixon*, the portion of the contract in dispute read as follows: "The Courts of Texas, U.S.A., shall have jurisdiction over all controversies with respect to the execution, interpretation or performance of this Agreement, and the parties waive any other venue to which they may be entitled by virtue of domicile or otherwise." *Id.* at 397. In upholding the district court's decision to remand the action to state court, the Fifth Circuit succinctly and aptly stated:

> Federal district courts may be *in* Texas, but they are not *of* Texas. *Black's Law Dictionary* defines "of" as "denoting that from which anything proceeds; indicating origin, source, descent." Federal courts indisputably proceed from, and find their origin in, the federal government, though located in particular geographic regions. By agreeing to litigate all relevant disputes solely in "the Courts of Texas," TSE waived its right to removal.

*Id.* at 398 (emphasis in original and footnote omitted).

In this case, the parties have agreed to have the matter decided in a state court of Texas by virtue of the language in the contract. As *Dixon* makes unequivocally clear, federal courts are not courts of Texas. The United States District Court for the Northern District of Texas is a creature of the federal government and comprises 100 Texas counties. *See* 28 U.S.C. § 124(a)(1)-(7). If a federal court is not "*of*" Texas, it necessarily follows that such a court cannot be "*of*" any city, county, or other unit of government of the State of Texas. Accordingly, the subject language of the contract cannot reasonably be read to include both state and federal courts. The United States District Court for the Northern District of Texas in Dallas is not a court of Texas, or any smaller unit of government of Texas, because it does not belong to Texas; it is a federal court of the United States that happens to be located in a particular city or county of a state. As this court is not a court

---

*Ironically, none of the parties cites *Dixon*, and the court finds such oversight baffling.

**Memorandum Opinion and Order - Page 4**

of Dallas, Texas, the only place that this action can be heard, consistent with *Dixon*, is a state court of Texas. The contract provision, "[V]enue shall lie in the State and/or Federal Courts of Dallas[,] Texas," therefore, establishes exclusive venue in the state courts of Texas.

Defendants argue that the provision of the contract in question is ambiguous because a reasonable interpretation of the provision is that it permits venue in either state or federal courts. Defs.' Resp. to Mot. to Remand 4. When language in a provision of a contract is subject to more than one reasonable interpretation, the provision is ambiguous. *See Municipal Admin. Servs.*, 376 F.3d at 505. Defendants' argument, however, is foreclosed by the plain language of *Dixon*. Under *Dixon*, Defendants' interpretation of the provision is not reasonable, and the provision in the contract is not ambiguous.

For the reasons herein stated, Bressers has contractually waived his right to remove to federal court. The court now addresses the issue of unanimous consent of all Defendants.

### C. Consent of all Defendants

SOURCECORP contends that Bressers' waiver of his right to remove precludes him from joining in the removal with Defendants Henderson, Verhagen, Acosta and Stat Imaging, and, for this reason, *all* Defendants are unable to consent to the removal. Defendants do not address this argument by SOURCECORP.

All Defendants who are properly joined and served must consent to the removal to federal court. *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992); *Farias v. Bexar County Bd. of Trustees for Mental Health and Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991). This long-established principle is referred to as the "unanimous consent" rule. *Kerwood*, 969 F.2d at 169. When a defendant waives his right to remove, such defendant is precluded from joining in the notice of

of Dallas, Texas, the only place that this action can be heard, consistent with *Dixon*, is a state court of Texas. The contract provision, "[V]enue shall lie in the State and/or Federal Courts of Dallas[,] Texas," therefore, establishes exclusive venue in the state courts of Texas.

Defendants argue that the provision of the contract in question is ambiguous because a reasonable interpretation of the provision is that it permits venue in either state or federal courts. Defs.' Resp. to Mot. to Remand 4. When language in a provision of a contract is subject to more than one reasonable interpretation, the provision is ambiguous. *See Municipal Admin. Servs.*, 376 F.3d at 505. Defendants' argument, however, is foreclosed by the plain language of *Dixon*. Under *Dixon*, Defendants' interpretation of the provision is not reasonable, and the provision in the contract is not ambiguous.

For the reasons herein stated, Bressers has contractually waived his right to remove to federal court. The court now addresses the issue of unanimous consent of all Defendants.

### C. Consent of all Defendants

SOURCECORP contends that Bressers' waiver of his right to remove precludes him from joining in the removal with Defendants Henderson, Verhagen, Acosta and Stat Imaging, and, for this reason, *all* Defendants are unable to consent to the removal. Defendants do not address this argument by SOURCECORP.

All Defendants who are properly joined and served must consent to the removal to federal court. *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992); *Farias v. Bexar County Bd. of Trustees for Mental Health and Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991). This long-established principle is referred to as the "unanimous consent" rule. *Kerwood*, 969 F.2d at 169. When a defendant waives his right to remove, such defendant is precluded from joining in the notice of

removal of another defendant. *See Brown v. Demco, Inc.*, 792 F.2d 478, 481-82 (5th Cir. 1986). As Bressers cannot give his consent to join in the removal with the other Defendants, his purported consent is a nullity, and unanimous consent of Defendants is lacking. This action, therefore, must be remanded to state court.

### III. Miscellany

Other matters have been raised by the parties, and the court addresses them only in passing. In light of the court's ruling on the waiver issue, it is unnecessary to address Plaintiff's and Defendants' arguments regarding complete diversity and the amount in controversy because they are quite beside the point as to the removal issue. The court, however, recognizes that these issues will affect the reasonableness of the amount, if any, of attorney's fees awarded. Plaintiff's arguments regarding diversity and the amount in controversy are weak at best, and any time expended on these issues in Plaintiff's remand motion and reply should not be a part of any attorney's fees that Plaintiff may ultimately seek.

On May 8, 2008, Defendants' Motion for Leave [to] File Response in Opposition to Motion to Remand was filed. Defendants initially filed their response on May 8, 2008, but filed the motion for leave out of an abundance of caution. The court determines that Defendants' response was timely filed. Even if it were not timely filed, holding otherwise would exalt form over substance. Moreover, Plaintiff filed a reply to Defendants' response on May 12, 2008, and to quibble over two days is nonsensical when no party suffers any legal prejudice. The court concludes that the response was timely and **denies as moot** Defendants' motion for leave. Further, in light of its ruling regarding waiver, the court **denies as moot** all other pending motions.

## IV. Attorney's Fees and Costs

SOURCECORP requests that the court order Defendants to "pay Plaintiff[] [its] just costs and actual expenses, including attorneys' fees, incurred as a result of the removal." Mot. to Remand 15. "[A]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). In applying section 1447(c), the court must consider "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id.* at 293.

Plaintiff has not argued or addressed this issue other than making a conclusory request for attorney's fees and costs in the prayer section of its motion to remand. SOURCECORP offers no argument or evidence with respect to whether Defendants conduct in removing this action was objectively unreasonable. The court, therefore, is unable to assess whether their conduct was objectively unreasonable.

## V. Conclusion

For the reasons herein stated, Defendant Bressers has waived by contract his right to remove this action to federal court. Accordingly, the court **grants** SOURCECORP BPS, Inc.'s Motion to Remand and **remands** this action to the 68th Judicial District Court of Dallas County, Texas. The clerk of the court shall effect this remand in accordance with the usual procedure. The court, for the reasons herein stated, **denies as moot** all other pending motions. The court also **denies without prejudice** Plaintiff's request for attorney's fees and costs.

**It is so ordered** this 20th day of November, 2008.

Sam A. Lindsay
United States District Judge